# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| OPERATING ENGINEERS LOCAL NO. 101 PENSION FUND; | ) ) ) |
| OPERATING ENGINEERS LOCAL NO. 101 HEALTH AND WELFARE FUND; | ) ) ) |
| OPERATING ENGINEERS LOCAL NO. 101 VACATION FUND; | ) ) ) |
| OPERATING ENGINEERS LOCAL NO. 101 JOINT APPRENTICESHIP AND SKILL IMPROVEMENT FUND; | ) ) ) ) |
| SCOTT RETTIG as a Co-Chairman of the LOCAL NO. 101 PENSION FUND and LOCAL NO. 101 HEALTH AND WELFARE FUND, and as a Chairman of the LOCAL NO. 101 VACATION FUND and LOCAL NO. 101 JOINT APPRENTICESHIP AND SKILL IMPROVEMENT FUND; and | ) ) ) ) ) ) ) ) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 101 | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. _____ |
| LAWSON STEEL ERECTION, LLC Registered Agent: Michael D. Frost 1600 Dora Street Kansas City, MO 64106 | ) ) ) ) ) ) |
| Defendant. | ) |

1

# COMPLAINT

COMES NOW Plaintiffs, by and through their attorneys, and for their cause of action against Lawson Steel Erection, LLC (hereinafter "Defendant" or "Lawson"), state and allege as follows:

## NATURE OF CASE

1. This is an action to collect delinquent fringe benefit contributions from Defendant due and owing to the Plaintiffs, pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and membership dues from Defendant due and owing the Plaintiff International Union of Operating Engineers Local No. 101 (hereinafter "the Union" or "Local 101"), pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## PARTIES

2. Plaintiff Operating Engineers Local No. 101 Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester, Suite 250, Kansas City, Missouri. The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Operating Engineers Local No. 101 Health and Welfare Fund (hereinafter "Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester, Suite 250, Kansas City, Missouri. The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4. Plaintiff Operating Engineers Local No. 101 Vacation Fund (hereinafter "Vacation Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its

principal place of administration at 6601 Winchester, Suite 250, Kansas City, Missouri. The Vacation Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Operating Engineers Local No. 101 Joint Apprenticeship and Skill Improvement Fund (hereinafter "Apprenticeship Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester, Suite 250, Kansas City, Missouri. The Apprenticeship Fund is a legal entity that may sue and be sued, pursuant to 29 U.S.C. § 1132(d).

6. Scott Rettig (hereinafter "Rettig") is co-Chairman of the Plaintiffs Pension Fund and Health & Welfare Fund, and Chairman of the Plaintiffs Vacation Fund and Apprenticeship Fund. Rettig is a proper party to this action based on his official capacity and fiduciary duties to the Funds, including the collection of contributions due the Funds.

7. Plaintiff Local 101 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a); and maintains its principal office at 6601 Winchester, Suite 280, Kansas City, Missouri. Local 101 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

8. The Pension Fund, Health & Welfare Fund, Vacation Fund, and Apprenticeship Fund (hereinafter "the Funds" or "the Plaintiff Funds") are each "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9. Defendant Lawson Steel Erection, LLC (hereinafter "Defendant Lawson") is a limited liability company organized under the laws of the State of Missouri, with its principle place of business located at 1600 Dora Street, Kansas City, MO 64106, and is an employer within the meaning of 29 U.S.C. § 1002(5) and § 2 of the LMRA, 29 U.S.C. § 152.

## JURISDICTION

10. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. § 1331.

11. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs Pension Fund, Health & Welfare Fund, Vacation Fund, Apprenticeship Fund, and Local 101 are administered and/or operate in the State of Missouri, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Missouri.

## CAUSE OF ACTION

12. Plaintiffs reincorporate paragraphs 1-11 above as if fully set forth herein.

13. Lawson is signatory to one or more collective bargaining agreements with Local 101. The collective bargaining agreements (hereinafter "CBAs") have been in effect at all times relevant to this action.

14. At all times relevant to this action, Lawson has employed employees who have performed work covered by the CBAs.

15. Each of the Plaintiff Funds is established by and operates pursuant to written agreements and declarations of trust. These agreements and declarations of trust are incorporated by reference into and are a material part of the CBAs between Local 101 and Lawson.

16. The CBAs and incorporated trust documents require Lawson to make monthly fringe benefit contributions to the Plaintiff Funds, based on the number of hours worked by and/or hours paid to its employees covered under the CBAs.

17. The CBAs and incorporated trust documents further require Lawson to make monthly written reports to the Plaintiff Funds regarding the number of covered employees

employed during the month, the wages paid to such employees, and the amounts payable to the respective funds.

18. The CBAs and incorporated trust documents require contributions to the Funds to be made by the 10th of each month following the month in which the covered work was performed. Payments made after the 10th of the month are delinquent.

19. The CBAs and incorporated trust documents additionally provide that liquidated damages and interest are assessed if contributions are not made by the 25th of the month following the month in which the covered work was performed.

20. The CBAs and incorporated trust documents state that in an action to collect delinquent contributions, the Funds are entitled to collect attorneys' fees and costs of the action.

21. Pursuant to 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover interest on any delinquent contributions at the rate prescribed in 29 U.S.C. § 6621.

22. Under the CBAs and trust documents, the Plaintiff Funds are further entitled to conduct an audit of any books, records, papers and reports of Lawson necessary to determine and/or verify the amounts due and owing the Funds under the CBAs. Under the CBAs, declarations of trust, and/or by law, the Funds have the right to audit any of the books and records of Lawson necessary to determine Lawson's compliance with the CBAs' contribution obligations and the precise amount due to the Plaintiffs' arising from any non-compliance by Lawson. Under such agreements, trust documents, and/or by law, the cost of such audit is a cost of this action, and is to be awarded to the Funds and against Lawson.

23. As of the present date, Lawson has failed to remit payments to the Plaintiff Funds in full for the contributions owing for the hours of covered work performed by its employees during the months of June and July 2020, as required by the CBAs and incorporated trust documents.

24. As a result, Lawson is in breach of the CBAs and is liable to the Plaintiff Funds for delinquent contributions for the months of June and July 2020.

25. The Plaintiff Funds have incurred, and will continue to incur, attorneys' fees and other costs in an effort to remedy the above delinquency. The Plaintiff Funds are entitled to recover those fees and costs pursuant to the terms of the CBAs and by statutory right, pursuant to 29 U.S.C. § 1132(g).

26. The Plaintiff Funds are also entitled to recover liquidated damages and interest pursuant to the terms of the CBAs and by law. Lawson has incurred liquidated damages and interest for the outstanding and untimely payments for June and July 2020.

27. The CBAs further require Lawson to deduct from the wages of all covered employees supplemental dues based upon each payroll hour worked by the employees covered by the CBAs. The supplemental dues are to be deducted in accordance with the terms of an individual and voluntary written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 185(c).

28. The terms of the dues authorization and the CBAs require Lawson to transmit the supplemental dues deducted from the wages of the covered employees to Local 101 by the 10th of each month following the month in which the work was performed.

29. Local 101 is entitled to recover liquidated damages and interest for delinquent contributions pursuant to the CBAs and by law.

30. Lawson has failed to transmit Supplemental Dues deducted from the wages of covered employees to Local 101 for work performed during the months of June and July 2020.

31. Pursuant to the CBAs and by law, Local 101 is entitled to recover liquidated damages and interest on the above delinquent Supplemental Dues transmittals for the months of June and July 2020.

32. The CBAs require Lawson to remit contributions to the Industry Advancement Fund based on the number of hours of covered work performed by its employees.

27. The CBAs provide that the Plaintiffs are entitled to liquidated damages, interest, and reasonable attorneys' fees for the collection of delinquent Industry Advancement Fund contributions.

34. Lawson has failed to timely submit reports and/or pay contributions to the Industry Advancement Fund for all hours of covered work for the months of June and July 2020.

35. Plaintiffs are entitled to collect all delinquent contributions owed to the Industry Advancement Fund, as well as liquidated damages, interest, and reasonable attorneys' fees which have been incurred due to Lawson's delinquency.

36. The terms of the CBAs require Lawson to make monthly contributions to the Construction Industry Substance Abuse Program (hereinafter "CISAP") based on the hours of covered work performed by its employees.

37. Lawson has failed to timely submit reports and/or pay CISAP contributions in full which are due and owing on the hours of covered work performed during the months of June and July 2020.

38. The CBAs provide that Plaintiffs are entitled to liquidated damages, interest, and reasonably attorneys' fees for the collection of delinquent CISAP contributions.

39. By reason of its failure to abide by the terms of the CBAs, Lawson is liable to the Plaintiffs in the amount of nine thousand, sixteen dollars and fifty two cents ($9,016.52) for the

7

contributions, dues, and other amounts that remain due and owing on the hours of covered work performed during June and July 2020, including eight thousand, twenty four dollars and eighty eight cents ($8,024.88) in principal contributions owed, eight hundred two dollars and fifty cents ($802.50) in liquidated damages, and one hundred eighty nine dollars and fourteen cents ($189.14) in interest. Lawson's reports for the months of June and July 2020 are attached as Exhibit A.

40. Additionally, Lawson is delinquent for amounts owed for the months of October and November 2020 in an amount that is presently unknown but is to be determined in this action, as Lawson has failed to remit reports for the months of October and November 2020.

41. Plaintiffs have incurred and will continue to incur attorneys' fees and other costs related to this action, and are entitled to recover such fees and costs pursuant to the terms of the CBAs and by law.

WHEREFORE, Plaintiffs pray that the Court enter an order:

A. Finding that Lawson is liable to the Plaintiffs in the amount of nine thousand, sixteen dollars and fifty two cents ($9,016.52) for the contributions, dues, and other amounts that remain due and owing on the hours of covered work performed during June and July 2020, including eight thousand, twenty four dollars and eighty eight cents ($8,024.88) in principal contributions owed, eight hundred two dollars and fifty cents ($802.50) in liquidated damages, and one hundred eighty nine dollars and fourteen cents ($189.14) in interest;

B. Requiring Lawson to permit a qualified, certified public accountant, selected by the Plaintiffs, to audit Lawson's books and records, at Lawson's expense, to determine any and all contributions, liquidated damages, and interest that are due and owing to the Plaintiffs, now or in the future, pursuant to the CBAs for the months of October and November 2020;

C. Allowing the Plaintiffs to apply for an award against Lawson for such delinquent contributions and dues plus liquidated damages and interest as determined to be due and owing based on the audit, on employer reports received after the filing of this action, or on another valid method of estimating the contributions that are due and owing, plus liquidated damages and/or interest on the amounts that are due and owing as of the date judgment is entered and thereafter;

D. Awarding the Plaintiffs their costs of this action and reasonable attorneys' fees;

E. Granting the Plaintiffs all such other relief that the Court deems just and proper, including contributions, dues, liquidated damages, and other costs that accrue or become due during the pendency of this action.

Respectfully Submitted,

**BLAKE & UHLIG, P.A.**

/s/ Brandon E. Wood
Jason R. McClitis, MO # 61611
Brandon E. Wood, MO # 70423
Quinlan B. Moll, MO # 72940
753 State Ave., Suite 475
Kansas City, KS 66101
(913)321-8884 – phone
(913)321-2396 – Fax
jrm@blake-uhlig.com
bew@blake-uhlig.com
qbm@blake-uhlig.com

**ATTORNEYS FOR PLAINTIFFS**